IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL SCOTT HYMAS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S *PRO SE* MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:99-CR-133 TS |

This matter is before the Court on Defendant Michael Scott Hymas' "*Pro Se* Motion for Early Termination of Supervised Release," filed April 29, 2005. The government has not filed a response. Having considered the file, the circumstances presented by this case, and being otherwise fully informed, the Court will grant Defendant's Motion, as set forth below.

BACKGROUND

On January 19, 2000, Defendant pleaded guilty to Possession of Methamphetamine with Intent to Distribute, and Aiding and Abetting. Defendant was sentenced on April 6, 2000, to a 37-month term of incarceration, to be followed by a 48-month term of supervised release.

1

Defendant was also ordered to pay a $2,000 fine.  Judgment was entered on April 12, 2000. Defendant began his term of supervised release on November 23, 2001, and is scheduled to complete his term on November 22, 2005.

## DISCUSSION

18 U.S.C. §§ 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice.  In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

The Court has considered these factors, has reviewed the docket and case file, and has consulted with Defendant's supervising officer.  It has been represented to the Court that Defendant has paid his $2,000 fine in full, has been fully compliant with all the terms of his supervised release, has completed drug counseling, and has had no violations.  This supervision history has resulted in a favorable recommendation from Defendant's supervising officer.[1]

Therefore, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice.

---

[1] The Court notes that the co-defendant, Catherine Michelle Irvine, was granted early termination of her term of probation on September 26, 2001.

CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's *Pro Se* Motion for Early Termination of Supervised Release is GRANTED; it is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately, and this case shall be closed.

SO ORDERED.

DATED this 25th day of May, 2005.

BY THE COURT:

TED STEWART
United States District Judge